**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**In Re:**

**WASHINGTON PRIME GROUP, INC., et al,**  Case No. 21-31948 (MI)
 Chapter 11
 Jointly Administered

 **Debtors.**

_____/

## MOTION FOR RELIEF FROM STAY TO PROCEED
## AGAINST INSURANCE POLICIES

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on Friday, September 3, 2021 at 9:00 a.m. CST via telephone conference.**

Francisco Molina and Maria Molina ("Molinas"), hereby requests that this Court enter an order allowing them to proceed with the attached state court complaint against insurance policies and proceeds only and states as follows:

### Jurisdiction

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On June 13, 2021, the Debtor and its affiliates filed Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

5. Before filing the Debtors, specifically, Orange Park Mall, LLC and Washing Prime Group, Inc., were a party to a state court lawsuit filed in Clay County, Florida filed on December 19, 2019, regarding a personal injury suffered by the Molinas.

6. The filing of the Voluntary Petitions stayed the litigation in Clay County, Florida.

7. At this time the Molinas are simply seeking authority to continue the state court lawsuit, including any related bad faith claims, for recovery against insurance policies and companies only.

## Relief Requested

8. The Molias specifically request relief from the automatic stay in order to continue the state court lawsuit, including any bad faith claims, for recovery against insurance policies only.

## Basis for Relief

9. The automatic stay does not apply to third parties, which includes insurers. The non-debtor insurer is not protected by the automatic stay, see *In re Veeco Investment Co. L.P.,* 157 B.R. 452 (Bankr. E.D. Miss. 1993), as is the case here.

10. However, in an abundance of caution the Molinas are seeking relief from the automatic stay to pursue their claim against the Debtors' insurance.

11. Section 362(d)(1) of the Bankruptcy Code vests this Court with authority to grant relief from the automatic stay "for cause".

12. The test to determine whether the automatic stay should be lifted to allow continuation is whether: (a) any "great prejudice" to ether the bankruptcy estate or the debtor will result from continuation of the civil suit; (b) the hardship to the Plaintiff by maintenance of the stay considerably outweighs the hardship to the Debtor; and (c) the creditor or plaintiff has a probability on the merits of the case. *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990).

13. Of predominate importance in these decisions have been the hardships to the plaintiff of protracted litigation and the expense of time and money to the debtor in defending these actions.

14. Here the Debtor suffers no hardship, because the Molinas are proceeding against the third-party insurer and the Debtors are not required to pay any defense costs or any part of the ultimate resolution.

15. In addition, the insurance policies covering this claim are not the property of the estate, as the pecuniary benefit from a payout by the insurer does not inure to the Debtor nor would the payout increase or decrease the estate. The payout from any insurance policy would only benefit the Molinas who were harmed and forced to bring the pre-petition state court lawsuit. *See Scott Wetzel Services, Inc.*, 243 B.R. 802 (Bankr. S.D. Fla. 1999) (citing *Matter of Edgeworth,* 993 F.2nd 51, 55 (5th Cir. 1993).

WHEREFORE, Francisco Molina and Maria Molina respectfully requests that this Honorable Court enter an order in the form attached to this Motion as Exhibit B: (i) granting this motion; (ii) granting relief from the automatic stay for the Molinas to proceed with their claims against any insurance policies including potential bad faith

claims; and (iii) such other and further relief as this Honorable Court deems just and proper.

Dated: August 4, 2021

> The Law Offices of Jason A. Burgess, LLC
>
> Submitted by: */s/ Jason A. Burgess*
> Jason A. Burgess
> Florida Bar No.: 40757
> 1855 Mayport Road
> Atlantic Beach, Florida 32233
> Phone: (904) 372-4791
> Email: Jason@jasonaburgess.com
> *Counsel for the Molinas*

Local Rule 4001-1(a)(1) Certification: The undersigned counsel attempted to confer with opposing counsel on August 2, 2021.

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been filed on the Court's CM/ECF system on the 4th day of July 2021, to all parties receiving electronic notices in this bankruptcy case including the Debtors' attorney and Washington Prime Group, Inc., 180 East Broad Street, Columbus, Ohio 43215 via USPS first class mail.

> */s/ Jason A. Burgess*
> Jason A. Burgess

**<u>Exhibit A</u>**
State Court Complaint

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:
DIVISION:

**FRANCISCO MOLINA and**
**MARIA MOLINA, his wife,**

    **Plaintiffs,**

**v.**

**ORANGE PARK MALL, LLC, a**
**foreign corporation, and**
**WASHINGTON PRIME GROUP,**
**INC., a foreign corporation,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, FRANCISCO MOLINA and MARIA MOLINA, his wife, by and through their undersigned counsel, hereby file this Complaint against Defendant ORANGE PARK MALL, LLC, a foreign corporation (hereinafter "OPM"), and WASHINGTON PRIME GROUP, INC., a foreign corporation, (hereinafter "WPG") and allege:

1. This is an action for damages in excess of $75,000.00.

2. At all times material hereto, Plaintiffs FRANCISCO MOLINA and MARIA MOLINA, his wife, were citizens of the Dominican Republic visiting their family in Jacksonville, Duval County, Florida.

3. At all times material, MARIA MOLINA was and is the lawful wife of FRANCISCO MOLINA.

4. At all times material hereto, Defendant OPM, was a foreign corporation authorized

to do business in the State of Florida with its principal business address at 1910 Wells Road, Orange Park, Florida.

5. At all times material hereto, WPG was a foreign corporation that owned and/or operated OPM, its subsidiary corporation, and carried on business in the State of Florida, including Clay and Duval Counties, Florida.

6. On or about April 17, 2019, Defendants OPM and WPG were in legal possession of a shopping mall known as Orange Park Mall located at 1910 Wells Road, Orange Park, Florida, that was open to the public as a retail shopping mall and movie theatre to which members of the public, including Plaintiff FRANCISCO MOLINA, were invited.

7. At that time and place, Plaintiff FRANCISCO MOLINA went onto the premises of Orange Park Mall for the purpose of shopping and attending a movie.

8. At all times material hereto, Defendants had a duty to maintain the premises, including the walking surfaces of the mall, in a reasonably safe condition and to warn its invitees, including Plaintiff, of unreasonably dangerous conditions existing in the premises.

9. On or about April 17, 2019, while on the aforesaid premises of Orange Park Mall, Plaintiff FRANCISCO MOLINA tripped on a cracked and indented defect in the floor tile of the common area of the mall.

10. At all relevant times, Defendants negligently, carelessly, and recklessly breached their duty to maintain the floor of the premises in a reasonably safe condition. Defendants' negligence included, but is not limited to:

    a. Failure to safely maintain the floor and correct the dangerous condition;

    b. Failure to warn of the dangerous condition;

    c. Failure to divert foot traffic away from the dangerous condition;

    d.  Failure to use reasonable care to inspect the subject premises and correct or guard against the dangerous condition;

    e.  Failure to prevent the creation of the dangerous condition; and

    f.  Committed other acts of negligence not yet known.

11. The aforesaid unreasonably dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendants should have known of the condition.

12. Defendants had actual or constructive knowledge of the existence of the defect in the floor of its store and failed to take reasonable and necessary steps to remedy or guard against the condition prior to Plaintiff FRANCISCO MOLINA coming on the premises.

13. As a direct and proximate result of the negligence of Defendants, Plaintiff FRANCISCO MOLINA was injured in and about his body resulting in pain and suffering, disability, hearing loss, disfigurement, mental anguish, loss of capacity to enjoy life, loss of earnings, loss of earning capacity in the future, aggravation of a previously existing condition and he incurred medical and related expenses in the treatment of his injuries. The losses are either permanent or continuing in nature and he will suffer the losses and impairment in the future.

14. In that the injuries suffered by the Plaintiff are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for future medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.

15. As a further result of Defendants' negligence herein, Francisco Molina's wife, MARIA MOLINA, suffered the loss of her husband's support, services, companionship and consortium and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiffs FRANCISCO MOLINA and MARIA MOLINA, his wife, demand judgment against Defendants ORANGE PARK MALL, LLC and WASHINGTON PRIME GROUP, INC. for damages in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

Dated this 19th date of December, 2019.

        **COKER LAW**

        /s/Daniel Iracki, Esq.
        **N. JOEL HARRIS**
        Florida Bar No.: 0048975
        **W.C. GENTRY, ESQUIRE**
        Florida Bar No.: 137134
        **DANIEL IRACKI, ESQUIRE**
        Florida Bar No.: 041212
        **HOWARD COKER, ESQUIRE**
        Florida Bar No.: 141540
        136 East Bay Street
        Jacksonville, Florida 32202
        (904) 356-6071
        (904)353-2425 (facsimile)
        DAI@cokerlaw.com (Primary)
        LEW@cokerlaw.com (Secondary)
        NJH@cokerlaw.com (Tertiary)
        WCG@cokerlaw.com
        Counsel for Plaintiff

**Exhibit B**
Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**In Re:**

**WASHINGTON PRIME GROUP, INC., et al,**     Case No. 21-31948 (MI)
                                              Chapter 11
                                              Jointly Administered

                **Debtors.**
_____/

## ORDER GRANTING MOTION FOR RELIEF FROM STAY TO PROCEED AGAINST INSURANCE POLICIES

This Came on for consideration on September 3, 2021 of Francisco Molina and Maria Molina's ("Molinas") Motion for Relief from Stay to Proceed Against Insurance Policies (the "Motion"), and after considering the arguments of counsel and the record in this Bankruptcy Proceeding, and finding that all required parties have been served with adequate notice of this Motion and hearing thereon, the Court finds that the Motion should be approved as set forth herein.

    **IT IS THEREFORE ORDERED**:

1. The Motion is **GRANTED**.

2. The automatic stay is terminated to permit the Molinas to resume the state court lawsuit including any potential bad faith claim against Debtor's insurance company and insurance policies in effect at the time of the incident.

8

3. The Molinas are hereby permitted to proceed to seek to recover from and against any of the Debtor's available insurance policies or companies.

**Signed: _____ \_\_\_\_\_, 2021**

_____
**MARVIN ISGUR**
**UNITED STATES BANKRUPTCY JUDGE**